OPINION
{¶ 1} This appeal arises from the Willoughby Municipal Court, wherein appellant, Brian Pehar ("Pehar"), pled guilty of driving under the influence of alcohol.
 {¶ 2} The following facts were presented at the suppression hearing. At approximately 11:30 p.m. on February 4, 2003, Pehar was traveling on Lakeshore Boulevard in Eastlake, Ohio, on his way home. Lt. Jeff Herron of the Eastlake Police Department observed Pehar's vehicle travel off the right side of the road, across the bicycle path, and onto the shoulder. He noted that the vehicle traveled in this manner for approximately seventy-five feet. After this observation, Lt. Herron followed Pehar for approximately one-and-one-half miles and noted that Pehar was following the vehicle ahead of him too closely to have stopped within an assured clear distance.
 {¶ 3} Based upon these observations, Lt. Herron activated his lights and pulled the vehicle over. As Lt. Herron approached the vehicle, he noted that the window was still rolled up. He knocked on the window, and Pehar lowered it about one-half inch. Lt. Herron testified that Pehar had "a mouthful, probably five or six breath mints inside his mouth." He also observed that Pehar's face was reddened and his speech was slurred. Lt. Herron requested Pehar's driver's license and observed that Pehar's reaction was slow as he was looking for his license.
 {¶ 4} Lt. Herron asked Pehar to step out of the vehicle to perform field sobriety tests. Lt. Herron administered the one-leg stand, the walk-and-turn test, and the horizontal gaze nystagmus test (HGN). Lt. Herron testified that Pehar failed both the one-leg stand, and the walk-and-turn test, and that he received five clues on the HGN, indicating intoxication. Lt. Herron arrested Pehar for driving under the influence.
 {¶ 5} On March 11, 2003, Pehar filed a motion to suppress, contending that Lt. Herron lacked probable cause to arrest him. A hearing on the motion was held on April 1, 2003. The trial court denied the motion in a written judgment entry dated April 10, 2003. The matter was set for trial on May 16, 2003. On May 13, 2003, Pehar filed a motion for a continuance in order to allow an expert witness to testify on his behalf. The trial court denied the continuance on May 14, 2003. Pehar subsequently pled no contest to the DUI charge.
 {¶ 6} The trial court found Pehar guilty and sentenced him to ninety days in jail, with eighty-five days suspended, a one hundred eighty-day suspension of his driver's license, a $350 fine, and placed him on one year of probation. On May 19, 2003, Pehar filed a motion to stay execution of sentence pending appeal, which the trial court granted.
 {¶ 7} Pehar presents two assignments of error on appeal. The first assignment of error is:
 {¶ 8} "The trial court erred in denying appellant's motion to suppress as the officer lacked probable cause to make a warrantless arrest of appellant."
 {¶ 9} In his first assignment of error, Pehar contends that his motion to suppress was improperly denied as the officer did not have reasonable suspicion to believe that he had committed a traffic violation or probable cause to believe that he was driving under the influence of alcohol.
 {¶ 10} In order to conduct an investigative stop of a motor vehicle, the police officer must have a reasonable suspicion that the motorist is engaged in criminal activity, or that the motorist is operating his vehicle in violation of the law.[1] In evaluating the propriety of the stop, the reviewing court must consider the totality of the surrounding circumstances, as "viewed through the eyes of the reasonable and prudent police officer on the scene who must react to the events as they unfold."[2]
 {¶ 11} Pehar argues that there was "no indication of any substantial weaving and/or erratic driving by [Pehar]" and maintains that this court has held that such is required to permit the officer to make an investigative stop. Pehar cites this court's holdings in Willoughby v. Mazura and Mentor v.Phillips in support of his contention that mere weaving alone is not sufficient to support a reasonable and articulable suspicion to stop his vehicle.[3] While this court held in those cases that the existence of minor weaving alone was not sufficient to support reasonable suspicion to make an investigative stop, this court has consistently maintained that the court must evaluate the totality of the circumstances surrounding the stop before determining whether reasonable suspicion for a stop existed.[4]
 {¶ 12} Upon review of the totality of the circumstances, Lt. Herron testified at the suppression hearing that he observed Pehar drive off the roadway to the right, over the bicycle path, and on to the shoulder for approximately seventy-five feet. Upon further observation, while Lt. Herron followed Pehar for one-and-one-half miles, he noted Pehar continued to follow the vehicle in front of him at an unsafe distance. It was based upon these observations that Lt. Herron elected to stop Pehar's vehicle. Thus, the stop did not rest merely on a brief weaving, but rather on Pehar's prolonged venture on to the bicycle path and shoulder, followed by persistent failure to maintain a safe distance between his vehicle and the vehicle that he was behind.
 {¶ 13} Pehar also maintains that Lt. Herron lacked probable cause to make the DUI arrest. We disagree. Upon executing the lawful stop, Lt. Herron approached the vehicle, after Pehar rolled the window down slightly, the officer noted the abundance of breath mints, Pehar's reddened complexion, slurred speech, and delayed reaction time. Although the existence of several breath mints is not dispositive of intoxication, the slurred speech and slowed reaction time, coupled with Pehar's failure on all the field sobriety tests, provided Lt. Herron with sufficient probable cause to make the DUI arrest.
 {¶ 14} Thus, we conclude that both the stop and the subsequent arrest were lawful. Pehar's first assignment of error is without merit.
 {¶ 15} The second assignment of error is:
 {¶ 16} "The trial court erred in denying appellant's motion for a continuance to obtain an expert witness."
 {¶ 17} In his second assignment of error, Pehar contends that the trial court erred in failing to grant a continuance to enable him to obtain an expert witness for trial. Pehar states in his brief that he "fully believ[ed] he would be successful on the suppression motion [and] did not make arrangements with an expert witness until after the judgment entry denying the suppression was entered."
 {¶ 18} The trial court has broad discretion to grant or deny a continuance.[5] An appellate court must not reverse the denial of a continuance absent an abuse of discretion.[6]
In the instant case, the trial court held a hearing on the motion to suppress on April 1, 2003. The court issued a judgment entry on April 10, 2003, denying the motion to suppress. The trial had been set to commence on May 16, 2003. Pehar filed his motion for a continuance to seek expert testimony on May 13, 2003. That motion was denied by written judgment entry on May 14, 2003.
 {¶ 19} Although we can appreciate Pehar's confidence in prevailing on the motion to suppress, it does not provide explanation for the thirty-three days that elapsed between the denial of the suppression motion and the filing of the motion for a continuance. Pehar had ample time in which to seek expert testimony, as he was aware that the suppression motion was denied and the trial remained set to commence on May 16, 2003.
 {¶ 20} Thus, we conclude the trial court did not abuse its discretion in denying the motion for a continuance. Pehar's second assignment of error is without merit.
 {¶ 21} Based on the foregoing, the judgment of the Willoughby Municipal Court is affirmed.
Ford, P.J., Rice, J., concur.
[1] (Citation omitted.) State v. Verhest (Dec. 15, 2000), 11th Dist. No. 2000-T-0028, 2000 Ohio App. LEXIS 5930, at *6.
[2] State v. Andrews (1991), 57 Ohio St.3d 86, 87-88.
[3] Willoughby v. Mazura (Sept. 30, 1999), 11th Dist. No. 98-L-012, 1999 Ohio App. LEXIS 4642; Mentor v. Phillips (Dec. 29, 2000), 11th Dist. No. 99-L-119, 2000 Ohio App. LEXIS 6207.
[4] See State v. Spikes (June 9, 1995), 11th Dist. No. 94-L-187, 1995 Ohio App. LEXIS 2649, at *7.
[5] (Citations omitted.) State v. Bryan, 101 Ohio St.3d 272,2004-Ohio-971, at ¶ 57.
[6] Id.